HENRY HAUSER, PLAINTIFF IN ERROR, v. AMERICAN SMELTING AND REFINING COMPANY, DEFENDANT IN ERROR.

Submitted December 8, 1913—Decided March 16, 1914.

An employe, without knowledge of a particular work and without instruction from the master therein, was directed by the master to perform it, notwithstanding servant's protest that he had never performed such work, and that he was ignorant as to how to perform it. *Held*, that the question of the servant's contributory negligence in performing the work, as well as the question whether the risk was obvious were questions of fact for the jury, and that a nonsuit ordered under such circumstances was erroneous.

On error to the Middlesex Circuit Court.

For the plaintiff in error, *George S. Silzer.*

For the defendant in error, *Alan H. Strong* and *Theodore Strong.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff was injured while in defendant's employ at Perth Amboy, in an attempt to cut a key way in a piece of steel, as a result of which the sliver or chip which he was cutting out from the way flew up and struck his eye, causing the damage which presents the basis of the present claim for damages.

The plaintiff was thirty-seven years old, and for over a year had been in the employ of the defendant as a boiler repairer.   Prior to that he had been elsewhere engaged operating a stationary engine in a colliery and as a utility man about pumps, and while he had a general knowledge of key ways and their use, and knew the uses of various tools upon metal, he nevertheless was not a machinist and had never made a key way of steel, and had never seen it done.   On the day in question he was taken from his regular employment and ordered to make this particular key way.   He informed the foreman at the time that he had never done such work and was unable to do it in this instance.   The foreman nevertheless told him to undertake to do it, but gave him no instructions as to the method of doing it.   The plaintiff asked for tools with which to do it, but the foreman having none at hand, directed him to go to the chief engineer for the necessary tools.

That official had no tools, and the plaintiff stated to him that he had been ordered by the foreman to cut a key way, that he never before cut one, and had no tools for that purpose.   The chief engineer instructed him to go to the blacksmith shop and have a tool made, which he did, and he then undertook to perform the work without further instructions as to the method of performing it or the dangers, if any, inhering in its performance.   When his chisel reached the end of the way, and the sliver or chip which accumulated

and curled up in the way was in readiness to be removed from the work; the plaintiff took a hammer and struck the chisel upon the metal sliver, expecting it to drop to the floor as a result of the blow. Instead of falling the coiled sliver of steel flew upward and struck the plaintiff's eye. He testified that he had received no warning or caution of any kind, and that no specific instructions had been imparted to him as to the proper method of doing the work.

Men of experience in that line of work testified that work of that kind required experienced hands, and some knowledge of that character of work, and that the ordinary mechanical knowledge acquired in shops was not sufficient for the purpose, unless it was supplemented by the experience of watching others engaged in such work. They made it quite manifest that there was a correct method of doing the work, which they themselves had acquired only by instructions, practice and experience. Upon this state of facts the trial court directed a nonsuit. In this we think there was error. The rule applicable to a situation of this nature is so familiar that we assume of course that the real difficulty consisted in the failure of the learned trial court to apply it, because of the argument urged and repeated here, by the defendant, that the risk was obvious, and that the plaintiff as a practical man must have comprehended and assumed it. But it is manifest that this argument assumes the very issue in the case. The plaintiff contends it was not obvious to the uninstructed eye; and he is corroborated in this by the expert mechanics, who explained the methods employed by them to overcome the dangers inherent in such work, obvious undoubtedly to the instructed and experienced mind, but not so clearly obvious to one ignorant of its proper performance and uninstructed as to its possible dangers.

The duty of the master, under such circumstances to instruct or warn the servant, is of course a familiar rule of law, and its application to the facts in this case required the submission of the issue thus presented to the jury. *Laragay* v. *East Jersey Pipe Co.,* 48 *Vroom* 516; *Tilllebaum* v. *Pro-*

*gressive Paper Co., Id.* 596; *Tompkins* v. *Machine Co.,* 41 *Id.* 330.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 11.